■ CHRISTOPHER S. REYNOLDS, Respondent, v CITY OF SYRACUSE et al., Defendants and Third-Party Plaintiffs, and OCM

BOCES, Appellant. POTTER HEATING & AIR CONDITIONING, Third-Party Defendant-Respondent. [667 NYS2d 564] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff enrolled in an adult education course at defendant OCM BOCES (BOCES). To induce local contractors to participate in the externship program for on-the-job experience, BOCES agreed to hold harmless and indemnify participating contractors. Plaintiff was injured on the job during his externship placement with third-party defendant, Potter Heating & Air Conditioning (Potter). The Workers' Compensation Board found plaintiff to be an employee of Potter and awarded plaintiff compensation benefits.

Plaintiff commenced this negligence action seeking money damages for the injuries he sustained. Plaintiff agreed to accept a settlement offer of $65,000, contingent upon a complete waiver of the workers' compensation lien in effect pursuant to Workers' Compensation Law § 29 (1). Potter and its carrier, The State Insurance Fund, agreed to waive the workers' compensation lien, but BOCES claimed entitlement by subrogation to assert the workers' compensation lien.

Potter moved for summary judgment on its cross claim against BOCES for contractual indemnification. Supreme Court granted that motion and, in addition, approved the settlement of plaintiff's negligence action and declared that the granting of summary judgment to Potter "does not provide [BOCES] with any basis to object to the settlement in the underlying personal injury action nor does it permit [BOCES] to assert any workers' compensation lien or any lien[,] which settlement has been reached between the plaintiff and the other parties".

Insofar as the court granted the motion of Potter for summary judgment on its cross claim for contractual indemnification, we affirm. On appeal, BOCES does not contend that the motion should have been denied.

We agree with BOCES, however, that the court erred in approving the settlement of plaintiff's negligence action and declaring that BOCES may not assert any lien against the settlement. The record is inadequate to support those determinations. No motion was made for a determination whether BOCES has the right to assert a workers' compensation lien, and, consequently, there is nothing in the record from which the court could determine that BOCES may not assert a lien. In the absence of a determination that BOCES may not assert a lien, there are material issues of fact concerning the terms of the settlement that render approval of it improper.

Therefore, we modify the order by vacating the ninth and 10th ordering paragraphs thereof. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.